UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| TRACEY DAVID JOYNER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 24-2900 |
| ODESSYE HOUSE TREATMENT CENTER | SECTION "R" (2) |

## **ORDER AND REASONS**

Plaintiff, Tracey David Joyner, is a prisoner currently incarcerated in the Caddo Correctional Center. ECF No. 5, ¶III(a), at 2. Joyner filed the instant complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Louisiana against the Odessye House Treatment Center and its manager "Vanessa" and the "Trained Counselor" who works as security, alleging that some of his personal property was lost or stolen during his departure from that facility for transfer to another recovery center. ECF No. 5, ¶IV, at 3; *id*. at 5. Joyner requests monetary compensation and injunctive relief. *Id*., ¶V, at 4.

Prior to the transfer of the case, a Magistrate Judge in the Western District granted Joyner's pauper application. ECF No. 13. However, upon review of the court's records, Joyner is not entitled to proceed as a pauper. The information before this court shows that Joyner has been deemed an abusive litigant who is no longer eligible to proceed *in forma pauperis*. Indeed, he is a prolific filer who, while incarcerated, has filed at least three prior civil rights complaints in the federal courts that were dismissed as frivolous and/or for failure to state a claim for which relief could be granted before he sought to proceed as a pauper in this case. *See Joyner v. Tanner*, Civ. Action 18-11602"A"(1) (E.D. La. Feb. 26, 2019) (dismissed with prejudice as malicious and frivolous); *Joyner v. Tanner*, Civ. Action 17-10040"A"(1) (E.D. La. Aug. 2, 2018) (dismissed with

prejudice as frivolous); and *Joyner v. Conway*, Civ. Action 11-0361 (W.D. La. Aug. 14, 2013) (dismissed with prejudice as frivolous).

The Prison Litigation Reform Act ("PLRA") serves "to deter frivolous prisoner litigation in courts 'by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees.'" *Jackson v. Stinnett*, 102 F.3d 132, 137 (5th Cir.1996) (quoting *Leonard v. Lacy*, 88 F.3d 181, 195 (2d Cir. 1996). The goals of 28 U.S.C. § 1915 were modified by the PLRA to include curbing abuse of the privilege to proceed without prepayment of fees. "Because in forma pauperis status is a privilege, it follows that the privilege may be revoked when the goals of section 1915 are not being furthered." *Murphy v. Jones*, 801 F. Supp. 283, 288 (E.D. Mo. 1992). For example, § 1915(g) provides that a prisoner shall not be allowed to bring a civil action as a pauper pursuant to § 1915 if he has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed as frivolous, malicious, or for failure to state a claim for which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

As Joyner has accumulated more than three "strikes" under the PLRA and § 1915(g), he is prohibited from proceeding as a pauper in this civil action unless he fits within the "imminent danger" exception of § 1915(g). To meet the imminent danger requirement, the threat must be "real and proximate" and based on fact, not conjecture.[1] Allegations of past harm do not suffice. Instead, the harm must be imminent or occurring at the time that the complaint is filed.[2] The exception in the statute refers to "a genuine emergency" in which "time is pressing."[3] Further, an

---

[1] *See Newman v. Harris*, 770 F. App'x 216 (5th Cir. 2019); *Valdez v. Bush*, No. 08-148, 2008 WL 4710808, at *1 (N.D. Tex. Oct. 24, 2009) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003)).
[2] *Cloud v. Stotts*, 455 F. App'x 534, 534 (5th Cir. 2011).
[3] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003); *see also Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (5th Cir. 2001) ("Someone whose danger has passed cannot be reasonably be described as someone who 'is' in danger, nor can that past danger reasonably be described as 'imminent.'"); *Medberry*

inmate who claims the benefit of this exception must also show that the alleged danger faced rises to the level of exposure to a "serious physical injury."[4]  The mere possibility of serious injury at some indefinite point in the future does not constitute the type of emergency envisioned in the exception for imminent danger.[5]  The imminent danger claimed by the inmate, moreover, must be real, and not merely speculative or hypothetical.[6]

Joyner has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury in the manner required by the PLRA.  Joyner's claims involve lost personal property at a prior substance abuse clinic, not any form of imminent physical threat.  The court, therefore, finds that Joyner is not entitled to proceed *in forma pauperis* in this matter.  Accordingly,

**IT IS ORDERED** that Joyner's pauper status is hereby **REVOKED** and leave to proceed as a pauper **DENIED** pursuant to 28 U.S.C. § 1915(g).  The matter is to be **CLOSED** for administrative and statistical purposes until such time as Joyner pays the requisite filing fee.

New Orleans, Louisiana this __18th__ day of December, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

*v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) ("Congress' use of the present tense in § 1915(g) confirms that a prisoner's allegation that he faced imminent danger sometime in the past is an insufficient basis to allow him to proceed in forma pauperis... .").
[4] 28 U.S.C. § 1915(g).
[5] *See Heimerman v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (holding that "the exception refers to a 'genuine emergency' where 'time is pressing.'").
[6] *Davis v. Stephens*, No. 14-10808, 2015 WL 110445 (5th Cir. Jan. 8, 2015) (allegation that plaintiff might be seriously injured at an indefinite point in the future is insufficient to establish that he was in imminent danger of serious physical injury at the relevant times).

3